FILED
U S DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 08 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**PEDRO ESPINOZA**                                                    **PLAINTIFF**

vs.                  No. 4:14-cv-467 KGB

**CAR-SON CONSTRUCTION, LLC,**
**CHRISTINA ASBELL, JEREMY CARTER,**
**and BRIAN FASON**                           **DEFENDANTS**

This case assigned to District Judge Baker
and to Magistrate Judge Ray

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Pedro Espinoza, by and through his attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, for his Original Complaint, and in support thereof does hereby state and allege as follows:

I.

### INTRODUCTION

1. Plaintiff asserts individual claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201 *et seq.*, against Defendants Car-Son Construction, LLC, Christina Asbell and Jeremy Carter (hereinafter referred to collectively, where appropriate, as simply "Defendant").

2. Plaintiff worked for Defendant in the State of Arkansas during the relevant time period, and he was denied his clearly established rights under applicable federal statutes.

3. Defendant paid no overtime premium wages whatsoever to Plaintiff.

4. As a result of the practices of Defendant described herein, Defendant failed to adequately and lawfully compensate Plaintiff, including overtime wages, as required by the FLSA and the implementing regulations thereof.

II.

## JURISDICTION AND VENUE

5. Plaintiff seeks a declaratory judgment under 28 U.S.C. §§ 2201 and 2202 regarding his rights, and Defendant's obligations, under the FLSA.

6. Plaintiff seeks compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq.*

7. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1337.

8. Plaintiff's claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged in this complaint.

9. Therefore, this Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

10. The acts and omissions complained of herein were committed and had a principal effect, as described more fully below, within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

11. No exemptions or exceptions to the application of the FLSA or the AMWA apply to Plaintiff.

## III.

## PARTIES

### A. Plaintiff Pedro Espinoza

12. Pedro Espinoza (hereinafter "Espinoza") is a resident and domiciliary of Pulaski County, Arkansas.

13. Espinoza worked as a welder for Defendant from approximately November of 2013 until June of 2014.

14. Espinoza typically worked five (5) to seven (7) days per week, averaging over forty (40) hours per week that he worked, almost always working overtime each workweek.

15. At all times relevant to this Complaint, Espinoza was intentionally and improperly classified by Defendant as an independent contractor, but in reality he was an employee of Defendant subject to the protections of the Fair Labor Standards Act.

16. Defendant paid Espinoza $12.22 per hour.

17. As a result of Defendant's intentional misclassification of Espinoza, Espinoza was never paid overtime premiums.

18. Espinoza is owed full overtime premium wages for all hours in excess of forty (40) in each workweek.

### B.   Defendant Car-Son Construction, LLC

19.   Defendant Car-Son Construction, LLC, is an Arkansas limited liability company and was Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d) for all relevant time periods.

20.   The registered agent for Car-Son Construction, LLC, is Newland & Associates, PLLC, whose address is 2228 Cottondale Lane, Suite 200, Little Rock, Arkansas.

21.   At all relevant times, Defendants have been, and continue to be, "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

22.   At all relevant times, Defendant employed "employee[s]," including Plaintiff, who have been engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.

23.   At all relevant times, Defendants have had gross annual operating revenues in excess of $500,000.00.

24.   Car-Son Construction, LLC, together with the individual employer-defendants, provided the tools to Plaintiff for his work, directed the specifics of the work, and was heavily invested in the welding jobs.

25.   Car-Son Construction, LLC, together with the individual employer-defendants, informed Plaintiff when and where he was to provide his labor, and the highest amount of profit that Plaintiff could receive from the work was his

wages.

26. Car-Son Construction, LLC, together with the individual employer-defendants, had far more to gain or lose from the jobs on which it had Plaintiff work: Plaintiff did not contract with Defendant's customers, and his exposure was only that Defendant might not, as was often the case, pay him in full for his labor.

### D. Defendant Christina Asbell

27. Defendant Christina Asbell (hereinafter "Asbell") manages and controls the operation of the business and dictates the employment policies of the business including but not limited to the decision to classify Plaintiff as an independent contractor.

28. Asbell is a citizen and resident of the State of Arkansas, and she co-owns Defendant Car-Son Construction, LLC, with Defendant Carter.

29. Asbell owns, manages and controls Car-Son Construction, LLC.

30. At all relevant times, Asbell held herself out to Plaintifs to be, together with Defendant Carter, fully in charge of Defendant Car-Son Construction, LLC.

31. Asbell had the authority to hire and fire Plaintiff.

32. Asbell was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

33. At all relevant times Asbell had operational control of the corporate defendant's day-to-day functions.

### E.  Defendant Jeremy Carter

34. Defendant Jeremy Carter (hereinafter "Carter") manages and controls the operation of the business and dictates the employment policies of the business including but not limited to the decision to classify the welders as independent contracts.

35. Carter is a citizen and resident of the State of Arkansas, and he co-owns Defendant Car-Son Construction, LLC, with Defendant Asbell.

36. Carter owns, manages and controls Car-Son Construction, LLC.

37. Carter was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

38. At all relevant times Carter had operational control of the corporate defendant's day-to-day functions.

### F.  Defendant Brian Fason

39. Defendant Brian Fason (hereinafter "Fason") manages and controls the operation of the business and dictates the employment policies of the business including but not limited to the decision to classify the welders as independent contracts.

40. Fason personally hired Plaintiff.

41. Plaintiff reported his hours of work to Fason during the course of his employment.

42. Fason held himself out to Plaintiff and to third parties as an owner of the corporate defendant.

43. Fason represented to third parties that Plaintiff was an employee of Car-Son construction.

44. Fason was at all times relevant to this Complaint, Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

45. At all relevant times Fason had operational control of the corporate defendant's day-to-day functions.

### G. Defendants Generally

46. At all times relevant to this Complaint, Defendant was Plaintiff's employer as defined by the FLSA, 29 U.S.C. § 203(d).

47. At all relevant times, Defendant has owned and operated a construction business engaged in interstate commerce and which utilized goods which moved in interstate commerce.

48. During the relevant time period the annual gross revenues of Defendant exceeded $500,000.00 per annum.

49. Defendant was at all relevant times engaged in commerce as defined in 29 U.S.C. § 203(r) and § 203(s).

50. Defendant constitutes an "enterprise" within the meaning of 29 U.S.C. § 203(r)(1), because it performed related activities through common control for a common business purpose.

51. At relevant times the enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and § 207(a).

52. At all times material herein, Plaintiff has been entitled to the rights, protection and benefits provided under the 29 U.S.C. § 201, *et seq.*

## IV.

## **DEFENDANTS' INTENT**

53. All actions by Defendant were willful and not the result of mistake or inadvertence.

54. Defendant knew or should have known that the FLSA applied to the operation of the business at all relevant times. Defendant knew of or should have been aware of previous litigation and enforcement actions relating to wage and hour violations where the misclassification of welders as independent contractors under the FLSA was challenged.

55. Plaintiff had no power to negotiate his pay as he did not bid jobs. He was told when to come to work and when to leave work. If he were late, he would be in trouble with Defendant. He did not have to have his own tools or welding equipment. He did not have discretion in how to do his job, but instead was given plans to follow. He was to be paid for all hours worked whether the job made a profit or not. He filled out and turned in time sheets.

56. Defendant set the rules and had complete control over the venue, and Plaintiff had to obey these rules or risk the loss of his job.

57. Despite being on notice of its violations, Defendant chose to continue to misclassify Plaintiff and withhold overtime wages from him in effort to enhance profits.

58.   Defendant knew that welders such as Plaintiff are employees that should be paid under the law, and has simply chosen not to pay them.

V.

## INJURY AND DAMAGE

59.   Plaintiff has suffered injury, incurred damages and significant financial loss as a result of Defendant's conduct complained of herein.

VI.

## CLAIM FOR RELIEF—VIOLATION OF THE FLSA

60.   Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

61.   Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

62.   29 U.S.C. § 207 requires any enterprise engaged in commerce to pay each employee one and one-half times his or her regular hourly wage for all hours worked over forty (40) hours in a week.

63.   For each week that Plaintiff worked more than forty (40) hours in a week, he is owed the overtime premiums that he has never been paid.

64.   By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorney's fees, provided for by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

65. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## VII.

## CLAIM FOR RELIEF—VIOLATION OF THE AMWA

66. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

67. Arkansas Code Annotated § 11-4-211 requires employers to pay each employee one and one-half times his or her regular hourly wage for all hours worked over forty hours in a week.

68. For each week that Plaintiff worked more than forty (40) hours in a week, he is owed the overtime premiums that he has never been paid.

69. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, and costs, including reasonable attorney's fees, provided for by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

## VIII.

## CLAIM FOR RELIEF—PUNITIVE DAMAGES

70. Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint above, as if fully set forth herein.

71. Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she continued the conduct with malice or in reckless disregard of the consequences."

72. Defendant knew or should have known of its obligations under the AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

73. Defendant knew or should have known that its failure to compensate Plaintiff for all hours worked would naturally result in damage to Plaintiff, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff.

74. Defendant is liable to Plaintiff for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Pedro Espinoza respectfully prays that each Defendant be summoned to appear and answer herein, and for orders as follows:

(A) For an order of this Honorable Court entering judgment in Plaintiff's favor against each Defendant, jointly and severally;

(B) That the Court award Plaintiff his actual economic damages in an amount to be determined at trial, but in any event an amount not less than that which would compensate them for unpaid back wages;

(C) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(D) Judgment for damages for all unpaid regular wages and overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(E) A declaratory judgment that Defendant's practices alleged herein violate the Arkansas Minimum Wage Act, § 11-4-201 *et seq.*;

(F) Judgment for damages for all unpaid regular wages and overtime compensation under the Arkansas Minimum Wage Act, § 11-4-201 *et seq.*

(G) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid regular wages and overtime compensation owed to Plaintiff during the applicable statutory period;

(H) Judgment for any and all civil penalties to which Plaintiff may be entitled;

(I) Punitive damages under Ark. Code Ann. § 16-55-206.

(J) An order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(K) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**PLAINTIFF PEDRO ESPINOZA**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 SOUTH SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: _____
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and _____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com